ceeded forty-five hundreds in weight ; that he was in the practice of driving loaded wagons over this road ; that the loads usually exceeded forty-five hundreds in weight, but that he never informed any toll-gatherer of it, having never been inquired of as to their weight.

Upon this evidence the judge directed a nonsuit ; which was to be taken off, if the Court should be of opinion that the evidence was sufficient to authorize the jury to infer the assent of a toll-gatherer ; otherwise it was to stand.

*R. E. Newcomb*, for the plaintiff.

*Wells*, for the defendants.

The *Court* held that the assent required by the statute must be given upon a notice to the toll-gatherer, that the load exceeds forty-five hundreds in weight.[1]

*Nonsuit made absolute.*

Pomeroy<br>v.<br>Fifth Mass<br>Turnpike<br>Corporation

*Sept. 29th.*

*Oct. 2d*

---

## COMMONWEALTH *versus* DENNIS COOLEY. 37

An indictment for disinterring a dead body, alleged that the burying ground in G., where the body was interred, *belonged to the first congregational parish in G.* *Held,* that this allegation was unnecessary, and that it did not become material by being inserted in the indictment, and therefore need not be proved.

The common law, in relation to the offence of disinterring a dead body, is superseded by *St.* 1814, *c.* 175 ; so that an indictment for this offence must conclude *contra formam statuti.*

THIS was an indictment for disinterring the body of one Chase, which was alleged to have been interred in " the common burying ground in Greenfield, belonging to the first congregational parish in said Greenfield." The crime was alleged to have been committed in 1824, and was set forth as an offence at common law, the indictment not concluding *contra formam statuti.*

At the trial, before *Morton* J., the defendant objected that no evidence had been introduced on the part of the Commonwealth, to prove the allegation that the burying ground belonged to the first congregational parish ; but the jury were instructed

---

[1] See Revised Stat. *c.* 39, § 43.

Commonwealth
v.
Cooley.

that this allegation was immaterial and need not be proved. The defendant being found guilty, he excepted to this instruction.

The defendant also moved in arrest of judgment, because the indictment was brought at common law and not upon *St.* 1814, *c.* 175.

*Oct. 1st.*

*Bates,* for the defendant. The allegation that the burying ground belonged to the first congregational parish, is a material part of the description of the offence, and should have been supported by evidence. But if it is not essential, still as it is inserted in the indictment, it must be proved. *United States* v. *Porter,* 3 Day, 283 ; *Bristow* v. *Wright,* Doug. 665.

The disinterring of a dead body is not an offence at common law. The first case of a prosecution for it in England, is that of *Rex* v. *Lynn,* 2 T. R. 733 ; and in our reports there is no adjudication before the enactment of *St.* 1814, *c.* 175.

But admitting it to be otherwise, the common law is superseded by that statute. *Bartlett* v. *King,* 12 Mass. R. 545 ; *Ellis* v. *Paige,* 1 Pick. 45 ; *Commonwealth* v. *Chapin,* 5 Pick. 199 ; *Nichols* v. *Squire,* ibid. 168 ; 6 Dane's Abr. 589, *c.* 196, *art.* 1, § 20. The statute is not cumulative, for it does not give a more summary remedy than the common law, nor inflict an additional penalty. 1 Kent's Com. 436 ; *Regina* v. *Wigg,* 2 Salk. 460 ; *Rex* v. *Robinson,* 2 Burr. 799.

The common law being no longer in force, the prosecution cannot be sustained, because it was not commenced within two years next after the offence was committed ; *St.* 1788, *c.* 12, § 1 ; and because the indictment does not conclude *contra formam statuti.*

*R. E. Newcomb,* for the Commonwealth, cited to the point, that disinterring a dead body was an offence at common law, 1 Russell on Crimes, 606 ; 1 Hale's P. C. 515 ; 7 Dane's Abr. 257, *c.* 218, *art.* 2, § 20.

The statute of 1814 has not repealed the common law, either expressly or by necessary implication. It does not create a new offence ; it limits and modifies the punishment. Affirmative words in a statute, without negative words, do not annul the common law. Jenk. Cent. 212. The words *contra formam statuti* are not necessary in an indictment, where the offence is

by common law and the statute only adds a penalty. *Burgen's case*, 1 Ventr. 13 ; 2 Hawk. P. C. *c.* 25, § 4, note 2 ; *Rex* v. *Balme,* Cowp. 648 ; 1 Chit. Cr. Law, 238 ; *Knight's case,* 3 Mod. 118 ; *Rex* v. *Robinson,* 2 Burr. 805 ; Com. Dig. *Indictment, D ; Regina* v. *Wigg,* 2 Salk. 460 ; *Rex* v. *Smith,* 2 Doug. 441 ; *Commonwealth* v. *Searle,* 2 Binney, 332 ; *Commonwealth* v. *Hoxey,* 16 Mass. R. 387.

The *St.* 1788, *c.* 12, limiting prosecutions on penal statutes, does not affect the statute of 1814. This statute prescribes, that on conviction of the offences therein mentioned, in the Supreme Judicial Court, the offender may be imprisoned not more than one year or fined not more than $1000, and "all fines accruing under this act shall enure, one half to the informer, and one half to the town in which the offence is committed." This is not a penal statute within the meaning of the statute of 1788. No prosecution can be maintained under the statute of 1814, by a common informer, the only remedy is by indictment It is believed that no other statute of this Commonwealth can be found, that prescribes any other punishment than a pecuniary penalty, where part of the penalty goes to the informer.

The allegation that the burying ground belonged to the first congregational parish in Greenfield, is immaterial and may be rejected as surplusage. Com. Dig. *Indictment, G ; Walker's case,* 4 Co. 41 *a ; Long's case,* 5 Co. 121 *b ; Commonwealth* v. *Hunt,* 4 Pick. 252 ; 3 Stark. Ev. 1534, 1535 ; 1 Phil. Ev. (N. York ed.) 150.

*Davis,* Solicitor-General, on the same side.

*Per Curiam.* The indictment having alleged that the burying ground belonged to the first congregational parish in G·eenfield, it is objected that no evidence was offered on the part of the government in support of the allegation. The Court are of opinion, that the allegation was unnecessary, and that it did not become material by having been introduced into the indictment. It forms no part of the description of the offence charged. It does not qualify or aggravate the offence. There is therefore no reason for granting a new trial.[1]

Commonwealth *v.* Cooley.

39

*Oct. 2d*

---

[1] See *United States* v. *Howard,* 3 Sumner, 14, 15 ; 1 Chitty's Crim. Law, (4th Am. ed.) 205 *et seq.·  State* v. *Noble,* 15 Maine R. (3 Shepley,) 476.

But the defendant moves in arrest of judgment, that the crime for which he is indicted is not an offence at common law ; and if it is, that the common law on this subject has been superseded by our statute of 1814, *c.* 175. We think it clear that it is an offence at common law, and there is an express decision to that effect in 2 T. R. 733. The reason why cases of this sort are not to be found in the earlier reports is very obvious, namely, that the dissection of human bodies was not so extensively practised in former times. And this will account for the fact, that few, if any prosecutions at common law for this offence, have taken place in this Commonwealth.

The question then is, whether the common law has been superseded here by the statute of 1814. And the Court are of opinion that it has been. The whole subject has been revised by the legislature. The time for prosecuting the offence, and the punishment are limited by the statute, and provision likewise is made for the removal of dead bodies. A statute is impliedly repealed by a subsequent one revising the whole subject matter of the first ; *Bartlett v. King*, 12 Mass. R. 545 ; *Nichols v. Squire*, 5 Pick. 168 ; and in the case of a statute revising the common law, the implication is at least equally strong.[1] At common law it was criminal to dig up and remove a dead body ; but that would not now be an offence in this Commonwealth, since the statute makes provision for the removal of a dead body under a license. If the common law were in force, it should seem that the license would not be a defence to an indictment at common law. The common law and the statute would be at variance with each other.

*Judgment arrested.*[2]

---

[1] See *Jennings v. Commonwealth*, 17 Pick. 80, 82, 83.

[2] See Revised Stat. *c.* 131, § 19. As to the conclusion of the indictment, see Revised Stat. *c.* 137, § 14 ; 1 Chitty's Crim. Law, (4th Am. ed.) 290 and notes ; *State v. Negro Evans*, 7 Gill & Johns. 290